IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

GEORGE PRICE,

CASE NO. 25-11960-JCO
CHAPTER 13

Debtor.

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court for evidentiary hearing on the Debtor's Objection to the Claim of Freedom Mortgage Corporation, ("FMC"), as amended, the Debtor's Letter, the Response of FMC, the Affidavit of FMC, and the Response thereto.(Docs. 20, 29, 32, 42, 51). Proper notice of hearing was given and appearances were noted on the record. Upon consideration of the pleadings, record, and arguments of counsel, this Court finds that the Debtor's Objection to Claim is due to be OVERRULED for the reasons set forth below.

JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference by the District Court dated August 25, 2015. This is a core proceeding under 28 U.S.C.§157(b)(2)(B).

## FINDINGS OF FACT

On May 20, 2016, the Debtor, George Price ("Price") executed a promissory note and mortgage ("Loan") securing the real property located at 655 Savannah St., Mobile, AL 36603 (the "Property").(Doc.54). On or about December 2, 2020, the Loan was transferred to Freedom Mortgage Corporation ("FMC"). (*Id).* Price filed the instant Chapter 13 bankruptcy on July 25, 2025. FMC timely filed its proof of claim reflecting a Loan balance of $29,663.97 as of the Petition Date. (ECF Claim No.4-1). It is undisputed that the Loan documents attached to FMC's proof of claim are true and correct copies of the originals and require Price to maintain insurance on the Property including wind coverage. (Doc.54). The insurance policy that Price had in place at the time the account was transferred to FMC excluded wind coverage. (*Id.*)

Pursuant to CFPB guidelines, FMC provided three notices to Price of the requirement to obtain wind coverage or that FMC would obtain it at Price's expense. (Doc. 54). The dates of the written correspondence to Price were February 8, 2021, March 10, 2021, and April 2, 2021. (*Id*.) Price failed to provide wind insurance and FMC obtained "force-placed coverage" retroactively[1] to December 20, 2020. The force placed insurance caused the monthly mortgage payments to increase from $427.08 to $806.62 beginning with the July 1, 2021, payment. Price failed to remit the increased payment amount causing his mortgage account to become more than 90 days delinquent. (*Id.* at 2). As a result, FMC commenced foreclosure and assessed related fees and costs. Price subsequently provided proof of hazard insurance complete with wind coverage on December 9, 2021.

[1] The Declarations page for the wind coverage reflects an effective date of December 02, 2020. and an expiration of December 2, 2021. (Doc. 29 at 8).

Price contends that FMC's claim contains unauthorized late fees and charges, was overpriced, and retroactive application of the wind coverage was unlawful. (Docs. 20, 29). In response to Price's Objections, FMC further substantiated its proof of claim, itemization, and exhibits with an affidavit. (Doc. 51). The averments in the affidavit and supporting documents reflect that: (1) FMC's proof of claim does not include any late fees or duplicate charges; (2) FMC sent notices to Price in February, March, and April 2021, regarding the requirement to provide proof of wind coverage or it would be force-placed; (3) Price did not obtain wind coverage for the applicable policy period; (4) FMC obtained the required coverage retroactive to the date it became the loan servicer, December 2, 2020; (5) FMC increased Price's mortgage payments to pay for the forced placed policy premium; (6) Price did not remit the increased payment amount; and (7) Price did not provide proof of independent wind insurance coverage until after the expiration of the forced placed policy. *Id.*

The Court set this matter for evidentiary hearing. Proper notice of hearing was given and Price failed to appear. Debtor's counsel acknowledged that Price knew about the setting and he had expected him to be present for the hearing. Brief arguments were made and no testimony or other evidence was offered at the hearing.[2] In conclusion, counsel acknowledged that the issue of whether FMC's Claim is due to be allowed rests on whether placement of retroactive insurance wind coverage was permissible. The Court instructed counsel to submit a post-hearing briefing on that issue and indicated that in light of the Debtor's failure to appear at the hearing, it would allow the parties time to discuss potential resolution after the briefing.

FMC filed its post-hearing brief providing in part:

---

[2] The Court notes that the only evidence presented consisted of the Stipulation of Facts which is referenced in pertinent part above and is incorporated by reference herein.

> In accordance with Regulation X (12 CFR § 1024.37), Respondent force placed insurance with an effective date retroactively applied to the date of lapse in coverage. The Comment for 12 CFR § 1024.37(c)(1)(i) specifically states:
>
> 1. Assessing premium charge or fee. Subject to the requirements of § 1024.37(c)(1)(i) through (iii), if not prohibited by State or other applicable law, a servicer may charge a borrower for force-placed insurance the servicer purchased, retroactive to the first day of any period of time in which the borrower did not have hazard insurance in place.

(Doc. 58 at 3).

The Debtor's counsel did not file a responsive brief or refute the CFR regulations cited by FMC.[3] Counsel for the parties subsequently advised that they were not able to reach a resolution and the matter is now ripe for adjudication.

## ANALYSIS

It is well settled that when a proof of claim contains all the information required under Rule 3001, it constitutes prima facie evidence of the validity and amount of the claim." *Fed. R. Bankr.P. 3001(f); In re Walston*, 606 F. App'x 543, 546 (11th Cir. 2015); *In re Sandifer*, 318 B.R. 609, 611 (Bankr.M.D.Fla.2004). Once a proof of claim meets the requirements for prima facie evidentiary status, the burden of going forward with evidence contesting the claim shifts to the objector. *In re Pursley*, 451 B.R. 213, 226 (Bankr. M.D. Ga. 2011); *In re Mobile Steel Co.*, 563 F.2d 692, 701 (5th Cir.1977) (quoting 3A *Collier on Bankruptcy* ¶ 63.06 (14th ed.1976)). In such instances, the objecting party must produce evidence "equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim." *In re VTN, Inc.*, 69 B.R. 1005, 1008

[3] The Court is aware of the Supplemental Affidavit filed by Price (without participation of his counsel) on September 1,2026. As Price did not attend the specially set evidentiary hearing, his late attempt at submission of testimony via affidavit is improper. Although such filing includes allegations previously raised, new allegations and requests punitive damages (which are beyond the scope of the objection to claim and not properly before the court) it does not address the CFR regulations cited by FMC. (Doc.61).

(Bankr.S.D.Fla.1987) (citing *DeLorean Motor Co. Litig*., 59 B.R. 329 (E.D.Mich.1986)). If the objecting party overcomes the prima facie case, then the burden of proof falls to the party that would bear the burden outside of bankruptcy. *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000).

Here there is no dispute that FMC timely filed its proof of claim on the Official Form or that it was fully completed and attached true and correct copies of the Loan documents. (Doc.54). FMC's claim also included a mortgage proof of claim attachment setting forth the pay history and amounts due. As FMC's proof of claim included all the information required under Rule 3001, the Court finds that it constitutes prima facie evidence of the validity and amount of the claim. *Fed. R. Bankr.P. 3001(f)*. Thus, the burden shifts to the Debtor to rebut the prima facie validity of the claim.

The Debtor's Amended Objection to FMC's Claim states in part that, "Debtor believes retroactive application [of forced placed wind coverage] for the months of December through March was unlawful, unfair, [and] overpriced. (Doc.29).[4] However, the Debtor did not appear at the scheduled evidentiary hearing to substantiate his allegations. Although Price may not believe that the placement of the retroactive wind coverage was appropriate, he admitted that the Loan documents required him to maintain wind coverage, and FMC sent him three notices of the requirement before force placing the coverage. The Debtor's averments and personal understanding of insurance regulations as set forth in his filings does not in the view of this Court constitute evidence of sufficient weight to overcome the prima facie validity of FMC's claim. The Real Estate Settlement Procedures Act, often referred to as Regulation X, applies to lenders,

[4] Previously, the Debtor also contested late charges and alleged lack of notice regarding the forced-placed wind coverage; however, those issues were conceded in the Joint Stipulation of Undisputed Facts (doc. 54) and Debtor's counsel acknowledged at the hearing that the sole issue is whether the forced placed retroactive coverage was permissible.

mortgage brokers and servicers of home loans. The relevant provision thereof cited by FMC as legal authority for its position provides in part that, "a servicer may charge a borrower for force-placed insurance the servicer purchased, retroactive to the first day of any period of time in which the borrower did not have hazard insurance in place". (Doc. 58)(citing 12 *CFR §1024.37(c)(1)(i)*). In other words, Federal rules allow FMC to backdate the wind coverage, and the charges, to the exact day Price's original policy ended. Although Price may not believe the retroactive coverage is fair, the Loan documents and servicing regulations require maintenance of wind coverage and allow for retroactive policy placement. Price admitted he did not obtain wind coverage during the applicable policy period and did not remit the increased payments to cover the forced placed policy. (Doc.54). Accordingly, the Court finds that the Debtor failed to meet his burden of overcoming the prima facie validity of FMC's Claim and as such his Objection to Claim is due to be overruled.

## CONCLUSION

Based on the above, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The Debtors' Objection to FMC's Proof of Claim is OVERRULED.
2. FMC's Claim is ALLOWED as filed.
3. The Clerk of Court is directed to serve a copy of this Order on the Debtor, Debtor's Counsel, the Chapter 13 Trustee, Freedom Mortgage Corporation, and Attorney Jackson Duncan.

Dated: October 7, 2026

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE